UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **EDWARD G. MORRIS** | **CIVIL ACTION NO. 08-798-P** |
| **VERSUS** | **JUDGE WALTER** |
| **PARISH OF SABINE** | **MAGISTRATE JUDGE HORNSBY** |

REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed by pro se plaintiff Edward G. Morris ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on June 3, 2008. Plaintiff is currently incarcerated at the Winn Correctional Center in Winnfield, Louisiana. He names the Parish of Sabine as defendant.

Plaintiff claims that he was arrested on March 8, 2005 and transported to the Sabine Parish Detention Center. He claims he submitted five sick call requests for mental health medication. He claims he received no response. He claims that after two months without mental health medication, he hung himself on May 18, 2005. He claims he was transported to LSU Medical Center.

Plaintiff claims that on May 20, 2005, he was returned to the Sabine Parish Detention Center. He claims he was prescribed medication and placed on suicide watch for three months.

He claims he was then transferred to F.F.F. in Jackson, Louisiana. He claims he was detained at F.F.F. for 16 months. He claims that in December 2006, he pleaded guilty and was sentenced to 20 years imprisonment.

Accordingly, Plaintiff seeks monetary compensation for the denial of mental health treatment.

For the reasons discussed below, Plaintiff's claims have prescribed and should be dismissed with prejudice as frivolous.

## LAW AND ANALYSIS

In Wilson v. Garcia, 471 U.S. 261 (1985), the Court articulated the guidelines to be used in determining what prescriptive period should apply to Section 1983 claims. The Court determined "§ 1983 claims are best characterized as personal injury actions" and the forum state's statute of limitations applicable to such claims should be used. Id. at 280. In Gates v. Spinks, 771 F.2d 916 (5th Cir. 1985), the Fifth Circuit Court of Appeals stated: "The state statute governing the general tort remedy for personal injuries should apply to 1983 actions . . ." Gates, 771 F.2d at 919.

The Louisiana Civil Code provides a general prescriptive statute that governs tort actions. The article subjects delictual actions to a liberative prescription of one year. See La. C.C. art. 3492. The Fifth Circuit qualified this prescriptive period, however, when it held that "a section 1983 action accrues and the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis for the action." Watts v. Graves, 720 F.2d 1416, 1417 (5th Cir. 1983). Finally, prescription on the claim is tolled while the

administrative remedy procedure is pending. See Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999).

Plaintiff claims that his civil rights were violated by the Defendants when he was denied mental health treatment from March 2005 through May 2005. Thus, prescription began to run as to these claims in March 2005. The above entitled and numbered complaint was not signed by Plaintiff until June 2, 2008 and it was not filed by the Clerk of Court until June 3, 2008. Plaintiff's claims are therefore prescribed.

Accordingly, Plaintiff's complaint should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff is a prisoner, this Court may dismiss the complaint before or after service of process, and before or after answers have been filed, if it finds the complaint "frivolous" or if it "fails to state a claim upon which relief may be granted". See 28 U.S.C. § 1915A; See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998), cert. denied, 527 U.S. 1041 (1999).

For the reasons heretofore stated, the Court finds that Plaintiff's complaint lacks an arguable basis in fact and is frivolous.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 2nd day of July 2008.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE